# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### JERRY MCGAHA v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Cocke County**
**No. 4736     Ben W. Hooper, II, Judge**

---

**No. E2014-01538-CCA-R3-PC - Filed March 31, 2015**

---

The pro se appellant, Jerry McGaha, appeals as of right from the Cocke County Circuit Court's order denying his petition for post-conviction relief challenging his guilty-pleaded convictions of nine counts of rape of a child. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion to affirm by memorandum opinion is well-taken and affirm the judgment of the Cocke County Circuit Court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jerry McGaha, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On May 10, 2001, the appellant pleaded guilty to nine counts of rape of a child. Pursuant to the plea agreement, the sentences for counts 1 through 7 were to be served concurrently to one another, and the sentences for counts 8 and 9 were to be served concurrently to one another. The plea agreement left to the court's discretion the length of the sentences and the manner of service relative to the two groups of counts. On June 25, 2001, the trial court imposed sentences of 25 years' incarceration for each conviction and ordered each group be served consecutively, for a total effective sentence of 50 years'

incarceration. The appellant challenged the imposition of sentences on direct appeal, and this court reduced the total effective sentence to 46 years' incarceration. *State v. Jerry McGaha*, E2001-01547-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Apr. 3, 2002). The appellant filed a petition for post-conviction relief, the denial of which was affirmed by this court on appeal. *Jerry McGaha v. State*, E2009-02553-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Dec. 7, 2011), *perm. app. denied* (Tenn. Apr. 11, 2012). The appellant then unsuccessfully sought habeas corpus relief, challenging the imposition of community supervision for life to his sentences. This court affirmed the denial of habeas corpus relief on appeal. *Jerry McGaha v. Tony Howerton, Warden, et al.*, E2012-00569-CCA-R3-HC (Tenn. Crim. App., at Knoxville, Oct. 17, 2012).

On July 26, 2013, the appellant filed a second petition for post-conviction relief, alleging a breach of the plea agreement because he did not agree to receive community supervision for life. On July 14, 2014, the trial court summarily denied relief. The appellant filed a timely notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3(b). The State has filed a motion for summary affirmance pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals, arguing that the Post-Conviction Procedure Act prohibits the filing of a subsequent petition for post-conviction relief and, therefore, the trial court properly dismissed the petition.

Tennessee Code Annotated section 40-30-102(c) "contemplates the filing of only one (1) petition for post-conviction relief [,and] [i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Tenn. Code Ann. § 40-30-102(c). The petitioner has previously sought post-conviction relief from these judgments of conviction without success. *Jerry McGaha v. State*, E2009-02553-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Dec. 7, 2011), *perm. app. denied* (Tenn. Apr. 11, 2012). Furthermore, even had the trial court treated the pro se petition as a motion to reopen post-conviction proceedings, the pleading failed to allege a basis for reopening post-conviction relief. *See* Tenn. Code Ann. 40-30-117(a).

Accordingly, we conclude that the trial court's summary dismissal was appropriate and affirm the judgment of the Cocke County Circuit Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE